IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RODNEY CALLAHAN,**

    **Plaintiff,**

**vs.**                                   **CASE NO. 4:05CV38-MMP/AK**

**MONICA DAVID, et al,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983, raising due process claims, ex post facto and equal protection claims against three members of the Florida Parole Commission. (Doc. 19). Plaintiff claims that the Parole Commission has violated his due process liberty interest in parole by suspending his Presumptive Parole Release Date (PPRD). Plaintiff also claims that application of Fla. Stat. 947.18, which resulted in the suspension, violates the Ex Post Facto Clause of the United States Constitution and the Equal Protection Clause. Because these claims have been foreclosed by a body of case law, it is recommended that the amended complaint (doc. 19) be dismissed without service upon the Defendants.

**I.     Standard of Review**

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be assumed that a Plaintiff will prove facts which have not been alleged.  Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice."  Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it.  Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

**II.    Allegations of the § 1983 complaint**

Generally, Plaintiff claims that he received reductions in his PPRD at every interview until August 26, 1993, when his release date was suspended apparently

Case No. 4:05cv38-MMP/AK

because the Commission found he did not meet the conditions for parole set forth in Fla. Stat. 947.18.[1]

### III. Analysis

#### a. Due Process claims

Plaintiff claims that each of the Defendants violated his liberty interest in parole. Florida's parole system leaves the decision of whether or not to grant parole "to the discretion of the [Parole] Commission . . . ." Jonas v. Wainwright, 779 F.2d 1576, 1577 (11th Cir.), *cert. denied*, 479 U.S. 830 (1986), *citing* Moore v. Florida Parole & Probation Comm'n, 289 So. 2d 719 (Fla. 1974). Further, the Florida courts have found that "[t]here is no constitutional right to parole in Florida." Jonas, 779 F.2d at 1577, *citing* Hunter v. Florida Parole & Probation Comm'n, 674 So. 2d 847, 848 (11th Cir. 1982).[2] Because there is no liberty interest in parole, there is no trigger to bring in the protections of the Due Process Clause. Hunter, 674 F.2d at 848 (rejecting claim that the Commission improperly calculated a presumptive parole release date and, thus, violated due process; holding that because there was no liberty interest in parole, there

---

[1] This statute provides: "No person shall be placed on parole merely as a reward for good conduct or efficient performance of duties assigned in prison. No person shall be placed on parole until and unless the commission finds that there is reasonable probability that, if the person is placed on parole, he or she will live and conduct himself or herself as a respectable and law-abiding person and that the person's release will be compatible with his or her own welfare and the welfare of society. No person shall be placed on parole unless and until the commission is satisfied that he or she will be suitably employed in self-sustaining employment or that he or she will not become a public charge."

[2] "It is the intent of the Legislature that the decision to parole an inmate from the incarceration portion of the inmate's sentence is an act of grace of the state and shall not be considered a right." FLA. STAT. § 947.002(5).

was no due process violation.).  Thus, Plaintiff's due process claim should be dismissed.

    **b.**    **Ex Post Facto claim**

Plaintiff claims that Fla. Stat. 947.1745(6) was applied retroactively to him in violation of the Ex Post Facto Clause.  This section provides that, prior to an effective parole release date interview, notice of the interview must be sent to the sentencing judge to allow him to objection to the parole.  The section also provides for subsequent reviews to be set off for two years, except where the inmate is convicted of murder, sexual assault or received a 25 year mandatory sentence.  Plaintiff has failed to specify how application of this statute resulted in an increase in his punishment.  See Lynce v. Mathis, 519 U.S. 433, 441, 117 S. Ct. 891, 895, 137 L. Ed. 2d 63 (1997), *quoting*, Calder v. Bull, 3 Dall. 386, 390, 1 L. Ed. 648 (1798) (to violate the Ex Post Facto Clause, a new statute must inflict "a greater punishment, than the law annexed to the crime, when committed.").  Further, retroactive application of this statute has specifically been held not to violate the Ex Post Facto Clause.  Gaines v. Florida Parole Commission, 743 so. 2d 118 (Fla. 4th Dist. App. 1999). Thus, the legal theory upon which this claim is based has been foreclosed.

    **c.**    **Equal Protection**

Plaintiff claims that the parole guidelines are based on individual prisoner histories and call for inmates to serve terms "equivalent to those served by previous offenders who committed the same crime."  Thus, the Commission's decision to suspend his PPRD violates equal protection by requiring him to serve more time than

Case No. 4:05cv38-MMP/AK

others similarly situated. Plaintiff has not offered any statutory or other bases for this assertion.

To prevail on an equal protection claim, a prisoner must demonstrate that he is similarly situated to other inmates who were treated more favorably, and that his discriminatory treatment was based on some constitutionally protected interest. <u>Jones v. Ray</u>, 279 f.3d 944, 947 (11th Cir. 2001). Plaintiff must set forth facts which show that Defendant discriminated against him on the basis of "race, religion, national origin, poverty or some other constitutionally protected interest." <u>Damiano v. Florida Parole and Probation Comm.</u>, 785 F.2d 929, 932-33 (11th Cir. 1986). Plaintiff has offered no facts on this claim nor has he identified any basis for discrimination.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint (doc. 19) be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §1915A(b).

**IN CHAMBERS** at Gainesville, Florida, this **16th** day of May, 2005.

s/ A. KORNBLUM
ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case No. 4:05cv38-MMP/AK